```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KIPP Academy Charter School,

                Plaintiff,

        v.                                   17 Civ. 1863 (DAB)
                                                  ORDER
United Federation of Teachers, et al.

                Defendant.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

Before the Court are Defendants' Motion to Dismiss the Complaint (dkt. 9) and Plaintiff's Motion for a Preliminary Injunction to Stay Arbitration (dkt. 12).

On November 7, 2016, the UFT filed a demand for arbitration based on 18 grievances of a collective bargaining agreement. On November 29, 2018, KIPP Academy Charter School ("KIPP") filed a Petition and Order to Show Cause in New York State Supreme Court seeking a permanent stay of the arbitration proceedings, which are currently scheduled for June 14, 2017. (See Ex. B, Vigliotti Decl. ¶ 36.)

After oral argument on November 29, 2016, the New York State Supreme Court denied KIPP's request for a stay and dismissed KIPP's Petition on the merits. (See id. Ex. A; id. Ex. E.) On January 9, 2017, KIPP filed a notice of appeal. The Appeal is currently pending before Appellate Division, First Department.

On March 14, 2017, KIPP then moved before this Court for a permanent injunction to stay arbitration proceedings. (See Compl. 13; Pl.'s Mot. to Stay Arbitration.) Yet that is the exact same relief that was originally sought in the state-court proceedings.[1]

The Rooker-Feldman doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cty. Bd. Of Elections, 422 F.3d 77, 84 (2d Cir. 2005). The "Rooker-Feldman" doctrine thus prevents "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

In this Circuit, the Rooker-Feldman doctrine has four elements: (1) the plaintiff lost in state court (2) before the district court proceedings commenced; (3) the plaintiff complains of injuries caused by a state court judgment; and (4) the plaintiff invites district court review and rejection of that judgment. See Hoblock, 422 F.3d at 85.

---

[1] In the instant federal suit, Plaintiff also seeks declaratory judgment that the Collective Bargaining Agreement does not apply to KIPP teachers and that the UFT does not have standing to bring suit. (Compl. 13.) Yet this was also sought in the state suit. (See Ex. B, Vigliotti Decl. ¶¶ 20, 21, 32, 33.).

All elements are easily satisfied here. Plaintiff lost its petition on November 29, 2016, which was before the instant action was filed on March 14, 2016. Similarly, Plaintiff complains of the same injury that the state court ruled on: the request to stay arbitration.[2] A ruling by this Court to the contrary would invite a rejection of the state court judgment. Cf. Von Maack v. 1199SEIU United Healthcare Workers E., No. 14-CV-4360 PKC, 2014 WL 5801349, at *7 (S.D.N.Y. Nov. 7, 2014) ("Von Maack's claim under section 741 of the New York Labor Law is precisely the claim that was rejected in the New York Supreme Court proceeding. Accordingly, it is barred by the Rooker-Feldman doctrine . . . ."); Wanderlust Pictures, Inc. v. Empire Entm't Grp., No. 01CIV.4465(JSM), 2001 WL 826095, at *5 (S.D.N.Y. July 19, 2001) (holding with nearly identical procedural history that federal court lacked subject-matter jurisdiction under Rooker-Feldman after State Court had previously denied petition to stay arbitration at oral argument).

---

[2] The fact that UFT may have initiated a new charge before the NLRB in January 2017 is not germane to Rooker-Feldman and thus does not affect this Court's analysis. See Yonkers Elec. Contracting Corp. v. Local Union No. 3, Int'l Bhd. Elec. Workers' AFL-CIO, 220 F. Supp. 2d 254, 260 (S.D.N.Y. 2002) (rejecting arguments that simply because Union had initiated a new grievance procedure federal court should entertain jurisdiction). Plaintiff is free to bring up judicial estoppel arguments in its state-court appeals.

-4-

Accordingly, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion for a Preliminary Injunction to Stay Arbitration is DENIED.

The Clerk of Court is directed to close the docket in this case.

SO ORDERED.

DATED:   May 18, 2017
         New York, New York

_____
Deborah A. Batts
United States District Judge